**STATE of Missouri, Respondent,**

v.

**Barbara MELVIN, Appellant.**

**No. 52152.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1987.

---

1. Defendant's motion to dismiss or for costs is overruled.

Robert Wolfrum, St. Charles, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for attempted stealing by deceit for which defendant was sentenced to thirty days imprisonment. We affirm.

Defendant was charged with an information with Attempt to Commit the Offense of Stealing by Deceit or, in the alternative, Attempt to Commit the Offense of Receiving Stolen Property. Defendant asserts error in the State's verdict directing instruction on attempted stealing, for the stated reason the use of the words "she believed to have been stolen" reduced the mental state required for attempted stealing. The instruction, in part, is as follows:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 18, 1985 in the County of St. Charles, State of Missouri, the defendant presented a stolen and forged sales receipt to a Radio Shack employee with a pocket scanner and nibbling tool *she believed to have been stolen* and requested a refund of over $150.00, and

Second, that such conduct was a substantial step toward the commission of the crime of stealing of money from Radio Shack and was done for the purpose of committing such stealing,

then you will find the defendant guilty under Count I of an attempt to commit the offense of stealing. (Emphasis added.)

Defendant proffers the mental state of mere belief is a lesser mental state than actual knowledge. For the offense of receiving stolen property, it is only necessary to prove the property had been stolen and defendant believed it probably had been stolen. § 570.080, RSMo 1986. She says no such reduced burden was made applicable to stealing cases. § 570.030, RSMo 1986. Defendant, in the case at bar, was convicted of attempted stealing.

She further argues the mental state required for the offense of stealing and attempted stealing is purposely, as set out by the statute. § 570.030, RSMo 1986. That mental state applies to all elements of the charge, including the deceit. § 562.-021, RSMo 1986. Further the mental state regarding the property she had attempted to return was an "attendant circumstance" element by the instruction.

We disagree. Section 570.010(6), relating to Stealing and Related Offenses, provides in part: " 'Deceit' means purposely making a representation which is false and which actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind. ..." Under §§ 570.010(6) and 570.-030, the State had to instruct the jury that for stealing by deceit the defendant had to have purposely made a false representation which defendant did not believe to be true. The State did that in its verdict directing instruction. Additionally, in its definitional instruction, the State properly defined deceit, stealing and substantial step (towards the commission of an offense) for the jury. The jury was properly instructed.

In note 7 of MAI-CR 324.02.2, which became effective on January 1, 1987, an example of the proper way to instruct on stealing by deceit is shown. In the example, the instruction reads "defendant *knew* such statement was false," (emphasis added). In the definitional section of the new Missouri Approved Instructions, however, deceit is still defined, in part, as a represen-

tation which "the actor does not *believe* to be true...." (Emphasis added.) We need not address this inconsistency since this case was tried before the effective date of the new Missouri Approved Instructions.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.